UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER G. FRENCH, CDCR #K-96643,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SERGEANT J. MITCHELL,<br><br>　　　　　　　　　　　Defendant. | Case No. 22-cv-1355-MMA (AHG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION**<br><br>[Doc. No. 13] |

Plaintiff Kristopher G. French, a California state prisoner proceeding IFP and *pro se* brings this civil rights action pursuant to 42 U.S.C. § 1983 against J. Mitchell, a Sergeant at the Richard J. Donovan Correctional Facility in San Diego, California. *See* Doc. No. 1. On December 19, 2022, Defendant filed an answer to the Complaint, *see* Doc. No. 9, and the parties are scheduled to appear before United States Magistrate Judge Allison H. Goddard for an Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") on February 1, 2023, *see* Doc. No. 10. Plaintiff has filed a motion "for all procedure to be conducted, heard, screened, reviewed, by a Federal District Judge not a Magistrate Judge." Doc. No. 13. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

# DISCUSSION

The Federal Magistrates Act of 1968, Pub. L. No. 90-578, 82 Stat. 1107 (codified as amended at 28 U.S.C. § 631 *et seq.*), governs the jurisdiction and authority of federal magistrate judges. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1118 (9th Cir. 2003) (en banc). "The Act allows the district court to assign magistrate judges certain enumerated duties, as well as any 'additional duties as are not inconsistent with the Constitution and laws of the United States.'" *United States v. Gamba*, 541 F.3d 895, 898 (9th Cir. 2008) (quoting 28 U.S.C. § 636(b)(3)). For example, pursuant to 28 U.S.C. § 636(b)(1)(A), "certain matters (for example, non-dispositive pretrial matters) may be referred to a magistrate judge for decision." *Reyna-Tapia*, 328 F.3d at 1118. Section 636(b)(1)(B) provides that other matters (such as case-dispositive motions) may be referred to the magistrate judge "only for evidentiary hearing, proposed findings, and recommendations." *Id.* "The primary difference between subsections (1)(A) and (1)(B) is that the former allows the magistrate judge to 'determine' the matter (subject to the review of the district court for clear or legal error) while the latter allows the magistrate only to submit 'proposed findings and recommendations' for the district court's *de novo* review." *Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992) (quoting 28 U.S.C. § 636(b)(1)). Moreover, pursuant to section 636(c), the parties may consent to have a magistrate judge "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1).

Consistent with this statute, this district has adopted various rules delegating duties in civil cases among the district and magistrate judges. *See generally* CivLR 72.1–72.2. Relevantly, pursuant to 28 U.S.C. § 636(b)(1)(A), magistrate judges in this district "will hear and determine any pretrial motions, including discovery motions," other than dispositive motions. CivLR 72.1.b. Further in accordance with section 636, the Civil Local Rules authorize magistrate judges to conduct various pretrial conferences in civil cases. *See* CivLR 72.1.h.2. This includes ENEs, *see* CivLR 16.1.c, CMCs, *see* CivLR 16.1.d, and Mandatory Settlement Conferences (MSCs), *see* CivLR 16.3.a.

Moreover, as this is a prisoner civil rights case brought pursuant to 42 U.S.C. § 1983, Civil Local Rule 72.3 applies. The rule confers all authority over nondispositive matters, granted under section 636(b)(1), to magistrate judges unless otherwise ordered. *See* CivLR 72.3.a. The rule also includes a counterpart to section 636(c), providing that parties may consent to have a magistrate judge conduct all proceedings, including trial and entry of a final judgment. CivLR 72.3.d. The rule further explains that if the parties do not consent to having a magistrate judge conduct all proceedings, including dispositive orders, as set forth in 28 U.S.C. § 636(c), the magistrate judge will nonetheless "conduct all necessary hearings and submit proposed findings of fact and recommendations for the disposition of all [dispositive] motions . . . unless the district judge orders otherwise." CivLR 72.3.e.

Plaintiff did not consent to have a magistrate judge conduct all proceedings pursuant to 28 U.S.C. § 636(c) and Civil Local Rule 72.3.d. *See* Doc. No. 1 at 8. Plaintiff contends that by checking the appropriate box, "Plaintiff did not consent to have a magistrate judge review any preliminary action." Doc. No. 13 at 1. Not so. Consistent with all of the aforementioned, the 42 U.S.C. § 1983 Civil Rights Complaint Form provides plaintiffs with the option to either consent to have a magistrate judge preside over the case under section 636(c) or "request[] that a district judge be designated *to decide dispositive matters and trial* in this case." Doc. No. 1 at 8 (emphasis added). Neither option, nor anything in 28 U.S.C. § 631 *et seq.* or the Civil Local Rules, prevents a magistrate judge from conducting and deciding pretrial nondispositive matters.

Plaintiff nonetheless "demand[s]" that Judge Goddard "be removed off the early hearings, screenings, settlements, discovery, etc. for the purpose of a mistrial." Doc. No. 13 at 2.[1] The Court categorically rejects Plaintiff's suggestion that Judge Goddard, or any other duly appointed magistrate judge in this district for that matter, is either

---

[1] The undersigned has already screened Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* Doc. No. 6.

unqualified or unwilling to adjudicate civil cases, such as the one at hand. *See id.* While Plaintiff may exercise her "right to insist on trial before an Article III district judge," *Roell v. Withrow*, 538 U.S. 580, 588 (2003), contrary to Plaintiff's apparent position, there is no requirement that she consent to the jurisdiction of a magistrate judge before Judge Goddard can decide a pretrial matter that is nondispositive. *Compare* 28 U.S.C. § 636(b)(1)(A), *with id.* § 636(c).

The Court has duly designated Judge Goddard to hear and determine all nondispositive pretrial matters in this case. Therefore, consistent with 28 U.S.C. § 636 and the Civil Local Rules, Judge Goddard will preside over and resolve any and all pretrial, nondispositive matters, including the upcoming ENE and CMC and any discovery issues that may arise. *See, e.g.*, CivLR 72.1.h.2; *see also* CivLR 72.2.c ("The magistrate judge must hear and determine Civil local Rule 72.1.b motions"—*i.e.*, all pretrial motions, including discovery motions, other than dispositive motions). With respect to dispositive matters, the undersigned has already "order[ed] otherwise." *See* Civil Chambers Rule V ("Judge Anello conducts all necessary proceedings for the disposition of any motion excepted from the magistrate judge's jurisdiction by 28 U.S.C. § 636(b)(1)(A)."). In other words, the undersigned will handle all dispositive motions and matters, including motions for summary judgment and trial, without referring the matter for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3.e.

For the reasons discussed above, the Court **DENIES** Plaintiff's motion. The ENE and CMC before Judge Goddard, currently scheduled for February 1, 2023, **REMAIN** as previously set.

**IT IS SO ORDERED**.

Dated: January 25, 2023

HON. MICHAEL M. ANELLO
United States District Judge