UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER G. FRENCH,<br><br>                      Plaintiff,<br><br>v.<br><br>J. MITCHELL,<br><br>                      Defendant. | Case No.: 3:22-cv-01355-MMA-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S EX PARTE MOTION TO TAKE DEPOSITIONS OF KRISTOPHER FRENCH (K96643) AND TOM BLAKE (T77278), INCARCERATED PERSONS, and**<br><br>**(2) ISSUING EXTENDED DEADLINES REGARDING PLAINTIFF'S REQUEST FOR DEPOSITION**<br><br>**[ECF No. 22]** |

    Before the Court is Defendant's *Ex Parte* Application for Leave to Depose Kristopher French and Tom Blake, incarcerated individuals. ECF No. 22. Federal Rule of Civil Procedure 30 requires that a party seeking to take a deposition must "obtain leave of the court . . . if the deponent is confined in prison." FED. R. CIV. P. 30(a)(2)(B). Plaintiff Kristopher G. French (K96643) and witness Tom Blake (T77278) are both in the custody of the Richard J. Donovan Correctional Facility, 480 Alta Rd, San Diego, CA 92179. ECF

No. 22. Ms. Blake "is a witness identified in Plaintiff's complaint." *Id*. at 2. Defendant has made arrangements with the correctional facility to take Ms. Blake's deposition on May 23, 2023, at 8:00 a.m. and Plaintiff's deposition on May 23, 2023, at 11:30 a.m. *Id*. at 1. However, Defendant notes that "prisons have been unexpectedly quarantining inmates and housing units, which can prevent previously scheduled depositions from occurring." *Id*. at 2. Thus, Defendant requests that the Court additionally permit the depositions of Plaintiff and Ms. Blake to occur remotely or on a continued date. *Id*.

For good cause shown, Defendant's *ex parte* motion is **GRANTED**. ECF No. 22. Defendants may depose Plaintiff Kristopher French (K96643) and witness Tom Blake (T77278) under the Federal Rules of Civil Procedure and the institution's rules and regulations, including the presence of correctional officers at the deposition, and Defendants may take the deposition by remote means if they choose. Though the depositions are presently scheduled for May 23, 2023, Defendant is permitted to take the depositions on a continued date, if necessary.

The Court notes that Plaintiff has also requested to take the deposition of Ms. Blake. ECF No. 18. Upon receipt of Plaintiff's request, the Court ordered Plaintiff to file supplemental briefing. ECF No. 20. The Court explained:

> From Plaintiff's filing, it is unclear whether she is seeking to depose Ms. Blake pursuant to Rule 30 or Rule 31. Thus, Plaintiff must file a Supplemental Brief in Support of her Request for Deposition by May 4, 2023. Plaintiff's Supplemental Brief must clarify which Federal Rule she seeks to use in her deposition of Ms. Blake and also must 'specifically show the ability to comply with the applicable Federal Rules of Civil Procedure.'

ECF No. 20 at 1–2 (internal citation omitted). To date, Plaintiff has not filed her supplemental brief.

In light of Defendant's upcoming deposition of Plaintiff and Ms. Blake, the Court **ORDERS** the following:

1. Defendant must provide Plaintiff with transcripts of Plaintiff's deposition and Ms. Blake's deposition by **June 2, 2023**.

2. By **June 16, 2023**, Plaintiff must file a Supplemental Brief regarding whether she is still seeking to depose Ms. Blake, or if she has decided to withdraw her request because the transcript of Ms. Blake's deposition is sufficient.

A. If Plaintiff still seeks to depose Ms. Blake, her Supplemental Brief must clarify which Federal Rule she seeks to use in her deposition of Ms. Blake and also must "specifically show the ability to comply with the applicable Federal Rules of Civil Procedure." *Ramos v. Mayfield*, No. 21cv1036-ADA-EPG-PC, 2023 WL 414535 (E.D. Cal. Jan. 24, 2023) (regarding Rule 30 deposition, requiring that the prisoner seeking to employ this procedure provide "the name of the person to be deposed, the name and address of the court reporter who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of that cost. Plaintiff bears the responsibility to pay the costs of the deposition, including the cost of copies of deposition transcripts."); *Lopez v. Horel*, No. C-06-4772-SI-pr, 2007 WL 2177460, at *2 n.2 (N.D. Cal. July 27, 2007) (describing Rule 31 deposition procedure, and noting that a prisoner seeking to employ this procedure "thus has to pay the witness fee, deposition officer fee, court reporter fee, and the cost of a transcript of the proceedings").

**IT IS SO ORDERED.**

Dated: May 10, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge