UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER FRENCH,<br><br>                              Plaintiff,<br><br>v.<br><br>SGT J. MITCHELL<br><br>                              Defendant. | Case No.: 3:22-cv-01355-MMA-AHG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 26]** |

Before the Court is Plaintiff Kristopher French's ("Plaintiff") Motion for Appointment of Counsel. ECF No. 26. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil complaint pursuant to 42 U.S.C. § 1983 relating to incidents that occurred while incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. ECF Nos. 1, 6. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## I.    BACKGROUND

Plaintiff initiated this action by filing a complaint on September 6, 2022, naming as Defendant RJD Correctional Officer J. Mitchell ("Defendant"). ECF No. 1. On October 3, 2022, the Court granted Plaintiff's motion to proceed *in forma pauperis*. ECF No. 6. On December 19, 2022, Defendant filed an answer to the claims in Plaintiff's

complaint. ECF No. 9. On February 1, 2023, the Court issued its scheduling order regulating discovery and other pre-trial proceedings. ECF No. 16. After the Court issued its scheduling order, Plaintiff propounded written discovery requests and filed a motion to depose witnesses. ECF Nos. 17, 18, 24. The Court denied as moot Plaintiff's motion to take the deposition of an incarcerated witness because, by the time the motion was received, Plaintiff had already deposed the witness. ECF No. 25. Plaintiff filed the instant motion for appointment of counsel on June 15, 2023. ECF No. 26. This Order follows.

## II.   LEGAL STANDARD

There is no constitutional right to appointment of counsel in a civil case unless an indigent litigant's physical liberty is at stake. *Lassiter v. Dep't. of Soc. Servs.*, 452 U.S. 18, 25 (1981); *see, e.g.*, *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (collecting cases to show that it is "well-established that there is generally no constitutional right to counsel in civil cases"). Additionally, there is no constitutional right to a court-appointed attorney in cases filed by inmates arising under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see, e.g.*, *Thornton v. Schwarzenegger*, No. 10cv1583-BTM-RBB, 2011 WL 90320, at *1 (S.D. Cal. Jan. 11, 2011).

Nevertheless, courts have discretion to request legal representation for "any person unable to afford counsel." *See* 28 U.S.C. § 1915(e)(1); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Courts have required that plaintiffs demonstrate they are indigent and that they have made a reasonably diligent effort to secure counsel before they are eligible for an appointed attorney. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (extending the "reasonably diligent effort" standard used in *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981) to requests made pursuant to 28 U.S.C. § 1915); *see, e.g.*, *Verble v. United States*, No. 07cv0472 BEN-BLM, 2008 WL 2156327, at *2 (S.D. Cal. May 22, 2008).

But even after a plaintiff satisfies the two initial requirements of indigence and a diligent attempt to obtain counsel, "[s]he is entitled to appointment of counsel only if [s]he can [also] show exceptional circumstances." *Bailey*, 835 F. Supp. at 552 (citing *Wilborn v.*

*Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)). Finding exceptional circumstances entails "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate h[er] claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn*, 789 F.2d at 1331); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

## III.  DISCUSSION

Plaintiff has satisfied the threshold requirements by showing that she is indigent and has made a reasonably diligent effort to secure counsel. Here, the Court acknowledged Plaintiff's indigence when it granted Plaintiff's motion to proceed *in forma pauperis*. ECF No. 6. Additionally, Plaintiff sent a letter to Ben Rudin requesting that he take her case, but has not yet received a response. ECF No. 26 at 2. Despite being unsuccessful in obtaining Mr. Ruden as counsel, "Plaintiff attempted to secure counsel on h[er] own." *Cota v. L.E. Scribner*, No. 09cv2507-AJB-BLM, 2012 U.S. Dist. LEXIS 20460, at *3 (S.D. Cal. Feb. 16, 2012). Although Plaintiff only contacted one attorney, Plaintiff need not be required "to exhaust the legal directory as a prerequisite to the appointment of counsel." *Bailey*, 835 F. Supp. at 552. As such, the Court is persuaded that this threshold requirement has been met.

The Court must therefore determine whether Plaintiff can show exceptional circumstances justifying court-appointed counsel by examining the likelihood of Plaintiff succeeding on the merits and her ability to proceed without counsel. *Wilborn*, 789 F.2d at 1331; *Bailey*, 835 F. Supp. at 552.

### A.  Likelihood of Success on the Merits

"A plaintiff that provides no evidence of h[er] likelihood for success at trial fails to satisfy the first factor of the [exceptional circumstances] test." *Torbert v. Gore*, No. 14cv2911-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016). Here, Plaintiff has not offered evidence in her motion suggesting that she is likely to succeed on the merits. Additionally, there is little before the Court regarding the merits of Plaintiff's case, other

than assertions in the complaint.[1] Thus, at this stage of the case, when the parties are midway through discovery and have not proffered evidence to the Court in support of their claims and defenses, the Court cannot find that Plaintiff is likely to succeed on the merits. *See Bailey*, 835 F. Supp. at 552 (denying motion for appointment of counsel when plaintiff requested counsel because he did not offer any evidence in the motion, and because it was too early to determine whether any of his claims would succeed on the merits); *see also Reed v. Paramo*, No. 18cv361-JLS-LL, 2020 WL 2767358, at *2 (S.D. Cal. May 28, 2020) (denying motion for appointment of counsel, finding that it was "too early in the litigation to show a likelihood of success on the merits" when the parties had been conducting fact discovery for five months); *Arellano v. Blahnik*, No. 16-cv-2412-CAB-RNB, 2018 U.S. Dist. LEXIS 111256, at *4–*5 (S.D. Cal. July 3, 2018) (denying motion for appointment of counsel, noting that "while the case is still in the discovery phase, the Court cannot determine whether or not plaintiff is likely to succeed on the merits" when the fact discovery period had been open for eight months).

### B.     Ability to Articulate Claims *Pro Se*

As to the second factor, Plaintiff cites barriers to successfully articulating her claims, including: limited access to the law library, limited knowledge of the law, complex issues requiring significant research and investigation, the potential for conflicting testimony, inability to present evidence and cross-examine witnesses at trial, inability to depose witnesses, her severe anxiety and post-traumatic stress disorder ("PTSD"), and her present imprisonment. ECF No. 26 at 1–2. However, Plaintiff fails to demonstrate an inability to represent herself beyond the ordinary burdens encountered by incarcerated plaintiffs representing themselves *pro se*.

---

[1] That Plaintiff's complaint survived the Court's screening process (ECF No. 6) does not demonstrate that Plaintiff is likely to succeed at trial. *McGinnis v. Ramos*, No. 15cv2812-JLS-JLB, 2017 U.S. Dist. LEXIS 58507, at *6–*7 (S.D. Cal. Apr. 17, 2017) (stating that the Court's screening process under § 1915 "determin[es] whether a plaintiff stated a plausible claim . . . not whether a plaintiff will ultimately prevail on h[er] alleged claim").

First, limited access to the law library[2] and unfamiliarity with the law are circumstances common to most incarcerated plaintiffs and do not establish exceptional circumstances. *See, e.g.*, *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education); *Fletcher v. Quin*, No. 15cv2156-GPC-NLS, 2018 WL 840174, at * 3 (S.D. Cal. Feb. 13, 2018) (same); *Galvan v. Fox*, No. 2:15-CV-01798-KJM-DB, 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel"). Consequently, Plaintiff has not shown she faces barriers conducting legal research beyond those ordinarily experienced by *pro se* plaintiffs.

Second, the need for research, investigation, and discovery is common to most litigation and does not automatically qualify the issues in a case as complex. *See Wilborn*, 789 F.2d at 1331; *Miller v. LaMontagne*, No. 10cv702-WQH-BGS, 2012 WL 1666735, at *2 (S.D. Cal. May 11, 2012) (concluding that plaintiff's arguments "that this case will involve research and investigation are not based on the complexity of the legal issues involved, but rather on the general difficulty of litigating *pro se*"); *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (holding that while a *pro se* inmate might fare better with counsel during discovery, this is not the test for determining whether to appoint counsel). Indeed, if "all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for the development of further facts, practically all cases would involve complex legal issues" warranting appointment of counsel. *Wilborn*, 789 F.2d at 1331. Therefore, Plaintiff has not shown she faces barriers conducting legal research, investigations, and discovery beyond those ordinarily experienced by *pro se* plaintiffs.

---

[2] Although Plaintiff asserts that she "has limited access to the law library" (ECF No. 26 at 1), she has not demonstrated that she is being denied "reasonable" access. *See Lindquist v. Idaho State Bd. of Corrs.*, 776 F.2d 851, 858 (9th Cir. 1985).

      Third, though Plaintiff contends she should be appointed counsel because she is ill-suited to handle issues of conflicting testimony on her own, these concerns also do not present exceptional circumstances. *See, e.g.*, *Eusse v. Vitela*, No. 3:13-cv-00916-BEN-NLS, 2015 WL 4404865, at *2 (S.D. Cal. July 16, 2015); *Miller*, 2012 WL 1666735, at *2. Similarly, Plaintiff's assertions regarding difficulty presenting evidence and cross-examining witnesses at trial do not present exceptional circumstances warranting appointment of counsel at this time. *See Miller*, 2012 WL 1666735, at *2; *see, e.g.*, *Fletcher*, 2018 WL 840174, at * 2 (denying motion for appointment of counsel where plaintiff contended an attorney would help him present evidence and cross-examine witnesses at trial); *O'Brien v. Gularte*, No. 18-CV-00980-BAS-MDD, 2018 WL 3729290, at *1 (S.D. Cal. Aug. 6, 2018) (denying motion for appointment of counsel when plaintiff argued that "a lawyer will be needed to cross-examine witnesses in the future").

      Fourth, Plaintiff states that she requires the assistance of counsel to better enable her to examine witnesses. ECF. No. 26 at 2. Plaintiff asserts that her ability to interview and depose witnesses is limited because of her incarceration. *Id.* This, however, does not demonstrate "exceptional circumstances" warranting the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (affirming denial of motion for appointment of counsel, when plaintiff had argued that he was unable to adequately conduct discovery regarding the subject incident, concluding that plaintiff had not shown exceptional circumstances, explaining that "[m]ost actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case."); *see, e.g.*, *Haro v. Nguyen*, No. 1:22-cv-00448-EPG-PC, 2023 U.S. Dist. LEXIS 8575, at *2 (E.D. Cal. Jan. 17, 2023) (denying inmate-plaintiff's motion to appoint counsel when plaintiff sought counsel to assist with deposing defendants); *Brennan v. Aston*, No. C17-1928-JCC-MLP, 2019 U.S. Dist. LEXIS 59432, at *5 (W.D Wash. Apr. 5, 2019) (denying inmate-plaintiff's motion for appointment of counsel because his difficulties deposing defendants, developing the factual record, and conducting discovery were "not unique to him"). Therefore, Plaintiff has not shown she

faces barriers interviewing and deposing witnesses beyond those ordinarily experienced by *pro se* plaintiffs.

Fifth, though Plaintiff contends that her anxiety, panic attacks, and PTSD warrant the appointment of counsel, Plaintiff does not provide evidence that these mental conditions have affected her ability to prosecute this action. *See, e.g.*, *Brown v. Reif*, No. 2:18-cv-01088-KJM-CKD-P, 2019 WL 989874, at *2 (E.D. Cal. Mar. 1, 2019) (denying appointment of counsel where the plaintiff's filing demonstrated ability to properly litigate case despite mental illness). Moreover, "mental health issues do not warrant the appointment of counsel. Mental impairment may be grounds for appointment of counsel in certain situations, but the impairment must be an 'incapacitating mental disability' and the plaintiff 'must present evidence of incompetence.'" *Johnson v. Nelson*, No. 2:20-cv-0967-DB-P, 2021 U.S. Dist. LEXIS 229140, at *2 (E.D. Cal. Nov. 29, 2021) (quoting *Meeks v. Nunez*, No. 13cv973-GPC-BGS, 2017 U.S. Dist. LEXIS 16503, at *2–*3 (S.D. Cal. Feb. 6, 2017)). Here, Plaintiff has not established that her anxiety and panic attacks rise to the level of rendering her incompetent. *Johnson*, 2021 U.S. Dist. LEXIS 229140, at *2–*3 (denying motion for appointment of counsel when plaintiff "receive[d] mental health treatment and takes psychotropic drugs daily" because he was "capable of articulating his claims pro se" and had "not provided any evidence showing he [was] incompetent"); *Torres v. Jorrin*, No. 20cv891-AJB-BLM, 2020 WL 5909529, at *2 (S.D. Cal. Oct. 6, 2020) (denying motion for appointment of counsel, explaining that "[p]laintiff's claims about suffering from an array of issues including depression, anxiety, and Schizophrenic episodes also do not warrant the appointment of counsel as they are not supported by any medical records or other evidence and there is no evidence that the alleged issues significantly impact [p]laintiff's ability to litigate his case. Without more specific and current information regarding his mental impairments, the Court cannot find a nexus between [p]laintiff's cognitive capability and his alleged inability to articulate his claims"). Also, Plaintiff has been able to adequately represent herself despite her anxiety and PTSD. *See* ECF Nos, 16, 20, 24; *see also Ordaz v. Tate*, No. 1:07-CV-00634-BLW, 2010 WL

3220359, at *1 (E.D. Cal. Aug. 10, 2010) (denying request for appointment of counsel because plaintiff's mental illness did not prevent him from adequately representing himself, based on his previous filings).

Finally, Plaintiff's present imprisonment does not, without more, present an exceptional circumstance. Courts have recognized that incarcerated, *pro se* litigants would potentially be "better served with the assistance of counsel." *Eusse*, 2015 WL 4404865, at *2 (internal quotations omitted). However, whether a litigant would have fared better with counsel is not the test for appointment of counsel. *Thornton*, 2010 WL 3910446, at *5. The concerns Plaintiff raises in her motion "do not present 'exceptional circumstances,' but rather illuminate the difficulties any prisoner would have litigating *pro se*." *Eusse*, 2015 WL 4404865, at *2. Additionally, the Court understands the factual basis for Plaintiff's claims and the relief sought. Plaintiff has demonstrated that she has a good grasp of litigation procedure, as evidenced by her fillings in this case. *See* ECF Nos. 1, 17, 18, 24, 26, 27; *see also Miller*, 2012 WL 1666735, at *2 ("Plaintiff has thus far been able to articulate h[er] claims against the relative complexity of the case, as the Court found that Plaintiff's complaint contained allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2)"); *cf. Dunsmore v. Paramo*, No. 13cv1193-GPC-PCL, 2013 WL 5738774, at *2 (S.D. Cal. Oct. 22, 2013) (denying appointment of counsel to a *pro se* litigant who had a "good grasp of the basis of h[er] claims, and [was] able to articulate them in light of the relative complexity of the legal issues involved").

The Court does not doubt that Plaintiff, like most *pro se* litigants, finds it difficult to articulate her claims and would be better served with the assistance of counsel. It is for this reason that in the absence of counsel, federal courts employ procedures that are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that the pleadings of a *pro se* inmate must be held to less stringent standards than formal pleadings drafted by lawyers). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th

Cir. 1988). Thus, as long as a *pro se* litigant is able to articulate her claim, as Plaintiff is here, the second "exceptional circumstances" factor that might support the appointment of counsel is not met.

Therefore, since Plaintiff has failed to show that exceptional circumstances require appointment of counsel, her motion for appointment of counsel is denied.

## IV.  CONCLUSION

Although Plaintiff is indigent and made a reasonably diligent effort to obtain counsel, she failed to show that exceptional circumstances require appointment of counsel. Thus, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 26) **without prejudice**.[3]

**IT IS SO ORDERED.**

Dated:  July 13, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[3] Because Plaintiff's motion is denied without prejudice to refiling, Plaintiff is free to seek appointment of counsel again in the future.